IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON JEROME McDANIEL,<br><br>Plaintiff(s),<br><br>v.<br><br>J DELANEY-IPPOLITO, et al,<br><br>Defendant(s). | No C 07-3920 VRW (PR)<br><br>ORDER OF SERVICE |

Plaintiff, a prisoner at the California Medical Facility ("CMF") and frequent litigant in this court, has filed a pro se civil rights complaint for damages under 42 USC § 1983 alleging retaliation and deliberate indifference to his safety while he was incarcerated at Salinas Valley State Prison ("SVSP").

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

1  To state a claim under 42 USC § 1983, a plaintiff must allege two
2  essential elements: (1) that a right secured by the Constitution or laws of the
3  United States was violated, and (2) that the alleged violation was committed by a
4  person acting under the color of state law. West v Atkins, 487 US 42, 48 (1988).
5  B.     Legal Claims
6  Plaintiff alleges that on November 20, 2004, correctional officer R
7  Reynolds threatened to shoot him and "instigated" another inmate to go into his
8  cell and threaten him, in retaliation for plaintiff having filed grievances against
9  Reynolds and his co-workers. Liberally construed, plaintiff's allegations state a
10 cognizable § 1983 claim for retaliation against Reynolds and will be served. See
11 Bruce v Ylst, 351 F3d 1283, 1288 (9th Cir 2003) (prisoner may not be retaliated
12 against for filing grievances).
13 Plaintiff next alleges that on December 16, 2004, doctor D Hamlin,
14 classification committee member J Delaney-Ippolito and sergeant T Richardson
15 moved him from a special needs unit despite his safety concerns and plaintiff was
16 robbed and assaulted. Plaintiff further alleges that the defendants moved him in
17 retaliation for plaintiff having filed grievances against their co-workers.
18 Liberally construed, plaintiff's allegations state cognizable §1983 claims for
19 deliberate indifference to safety and for retaliation against Hamlin, Delaney-
20 Ippolito and Richardson and will be served. See Farmer v Brennan, 511 US 825,
21 832 (1994) (8th Amendment requires that prison officials take reasonable
22 measures to guarantee the safety of prisoners); Bruce, 351 F3d at 1288 (prisoner
23 may not be retaliated against for filing grievances).
24 Plaintiff finally alleges that sergeant Caplan failed to report "the whole
25 truth" following his administrative investigation of a July 20, 2004 incident in
26 which plaintiff was attacked by another inmate. Plaintiff's allegations against
27
28                                           2

1  Caplan are dismissed for failure to state a claim for relief under § 1983 because it
2  is well-established that there is no constitutional right to an inmate administrative
3  appeal or grievance system, see <u>Mann v Adams</u>, 855 F2d 639, 640 (9th Cir
4  1988), and that a state's inmate administrative appeal system does not implicate a
5  liberty interest protected by the Due Process Clause, see <u>Antonelli v Sheahan</u>, 81
6  F3d 1422, 1430 (7th Cir 1996).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at SVSP: Correctional officer R Reynolds, doctor D Hamlin, classification committee member J Delaney-Ippolito and sergeant T Richardson. Sergeant Caplan is dismissed. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

/

1             b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

            c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

       Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir 2003).

4

1             d.     Defendants shall file a reply brief within 15 days of the date
2  on which plaintiff serves them with the opposition.
3             e.     The motion shall be deemed submitted as of the date the
4  reply brief is due.  No hearing will be held on the motion unless the court so
5  orders at a later date.
6       3.     Discovery may be taken in accordance with the Federal Rules of
7  Civil Procedure.  No further court order is required before the parties may
8  conduct discovery.
9       4.     All communications by plaintiff with the court must be served on
10  defendants, or defendants' counsel once counsel has been designated, by mailing
11  a true copy of the document to defendants or defendants' counsel.
12       5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must
13  keep the court and all parties informed of any change of address and must comply
14  with the court's orders in a timely fashion.  Failure to do so may result in the
15  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
16       SO ORDERED.

                                    /s/ Vaughn R. Walker
                                     VAUGHN R WALKER
                                     United States District Chief Judge